96 577
a196s 599

## James O'Hara v. John Murphy.

1. JUDGMENTS—*On Verdicts Rendered upon Conflicting Evidence.*— Where the evidence is conflicting upon the vital questions in issue and the jury have been properly instructed, a judgment rendered upon their verdict which comes to the Appellate Court with the approval of the trial judge will not be disturbed.

Assumpsit, for work, labor and services. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

HOGAN & DRENNAN and JAMES B. RICKS, attorneys for appellant.

J. C. & W. B. McBRIDE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On the first day of November, 1899, in the Circuit Court of Christian County, appellee brought suit against appellant to recover $3,648 which he alleged appellant owed him for his services as laborer upon appellant's farm, from April 1, 1880 to April 1, 1899, at $16 per month. Appellant pleaded non-assumpsit, set-off, payment, and the statute of limitations, which pleas (except the one setting up the bar of the statute of limitations as to all the claim which accrued more than five years before the suit was commenced), were traversed, and as to the plea of the statute of limitations, a replication was interposed setting up a new promise within five years, which was likewise traversed.

The case was tried by jury and resulted in a verdict in favor of appellee for $2,691, but upon motion of appellant, that verdict was set aside and a new trial awarded. On the re-trial of the case a verdict was rendered in favor of appellee for $2,355, which appellant moved to set aside, and it being overruled, he excepted, and moved in arrest of judgment, which being also overruled, he excepted, and the court gave judgment upon the verdict, to reverse which appellant prosecutes this appeal.

The evidence discloses that appellee is a brother of appellant's wife and that appellant is a farmer in Christian county, Illinois, and has been since about 1870. In 1873, at the request of appellee, appellant furnished him with the requisite money to enable him to come from Ireland to the farm of the latter in Christian county, and since 1874, he worked upon appellant's farm continuously until June, 1899, when they disagreed and appellee left for that reason.

From the time appellee commenced working for appellant, until he left, he performed all kinds of farm labor the year round, and seldom left the place except when hauling produce to market. His clothes were washed with those of appellant's family, and his sister, appellant's wife, and her children, mended them for him. Appellant gave appellee money from time to time as he called for it, and it is estimated that it amounted to about $50 a year, over and above the amount appellant advanced for appellee's expenses in coming from Ireland, and some $30 a year, which was sent to appellee's mother in Ireland until she died, in 1884. Neither appellee nor appellant kept any account of the moneys paid or the time appellee worked or lost during the time in question.

Appellee claims, and he so testified, that appellant and himself had a settlement in 1880, and at that time he was charged with the money sent him to come from Ireland, and with moneys which he had requested appellant to send to his mother, who lived in Ireland, and the moneys which had been paid him from time to time up to that date, and that he was credited with the wages he had earned up to that time, and there was found to be a balance of about $50 in his favor, which appellant did not pay him, and said no note was necessary to be given for it, as his word was as good as his note; that he told appellant at that time that he did not want to stay with him after March, 1880, as he wanted to work for a man who would furnish him work by the month the year round instead of seven or eight months in the year as appellant had done for him from 1874 to 1880; that appellant then told him that if he would

stay with him he would furnish him with work and pay him as much wages by the month the year round as any other man; that he assented to such an arrangement and stayed with that understanding until June 8, 1899, when they disagreed about his work, and he then called for a settlement; and then appellant told him he would pay him every cent he owed him, as he did not want a cent of his money, and his word was as good as his note; that farm laborers were paid from $18 to $20 per month the year round during the time in question; that appellant had paid him about $50 per year since 1880, and owed him the balance; that the reason he did not insist upon appellant's paying him his wages in full before was, that he had promised to buy forty acres of land. for appellee, and about eleven years ago he did purchase a forty from Mr. Reese, which he said he would deed to him as soon as his wages amounted to enough to pay for it; that at the time appellant purchased this forty acres he told him his (appellee's) wages then amounted to $1,000, and he had put it into the forty; that in 1894 appellant asked appellee if he would allow him to sell this forty acres, and, if he would, that he (appellant) would buy him another forty just as good, and that he could then get more than the Reese forty was worth; that he (appellee) did not object to that arrangement, and appellant then sold the Reese forty for $52 an acre, but never purchased another forty for appellee, as he had promised he would; that in 1897 appellee spoke to appellant about settling with him, so he could buy himself some land, as he (appellant) had not done as he had promised, and that appellant then told him that he would purchase forty acres of land for him for the money he owed him, and he (appellee) should not be afraid that he would not, but that promise was not kept.

Appellant admits that appellee worked for him on the farm, and claims, and so testified, that he did so as one of his family, and that he never agreed to pay him for his work, but did furnish him with clothing and some spending money, and, at appellee's request, he (appellant) sent some

money each year, until 1884, to appellee's mother in Ireland; that appellee was not a good worker; and had received all his work was worth. He denied promising to purchase any land for him as he claimed he did, or that he ever promised to pay appellee wages or to settle with him except upon a compromise of $100 or $200 to avoid litigation.

Several witnesses corroborate appellee upon the question of his performing work for appellant which was worth $16 or $17 per month, and some testified to admissions made by appellant which also corroborate appellee concerning appellant's purchasing the Reese forty acres of land and putting into it $1,000 of the wages which he owed to appellee, and that he was going to deed it to appellee as soon as his wages amounted to enough to pay for it.

We have examined the instructions which the court gave and those refused, and are unable to discover wherein any prejudicial error was committed in that regard.

The evidence being conflicting upon vital questions in issue between appellant and appellee, and the jury having been carefully instructed on both sides, we are unable to discover wherein we would be justified in disturbing the judgment rendered upon a verdict that comes to us with the approval of the trial judge, and therefore it will be affirmed.